No. 29,184.

THE STATE OF KANSAS, *Appellee*, v. OLLIE LONG, *Appellant*.

(282 Pac. 583.)

Opinion filed December 7, 1929.

*Blount C. Trice,* of Pawhuska, Okla., for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *Leo Armstrong,* county attorney, and *Marc G. Boss,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant, Ollie Long, was a state prisoner in the city jail of Baxter Springs and in some undisclosed manner he obtained a weapon whereby he held up and robbed his jailer of a .45 Colt revolver worth $25 and effected his own escape and that of another prisoner.

Sixty days later defendant was apprehended and the revolver which he had taken from the jailer was found in his possession. His conviction of the crime of robbery followed, a felony carrying a punishment of ten to twenty-one years in the penitentiary. (R. S. 21-530.) He appeals, contending that he committed no robbery, but only the offense of escaping from jail—a felony carrying a punishment not exceeding two years in the penitentiary and which might be as low as six months in jail. (R. S. 21-736.)

In defendant's behalf it is gravely contended that "it is not robbery to take a gun from the person of an officer by putting him in fear, thereby disarming him, for the purpose of escape." This argument completely ignores the legal proposition that two or more felonious crimes may be so closely related to each other in time and sequence that they are incidents of the same criminal transaction.

Thus we frequently have the dual crimes of burglary and robbery, robbery and arson, murder and grand larceny, forgery and uttering a forged instrument. Such instances of dual crimes could be indefinitely multiplied. And it is similarly true that the dual crimes of robbing a jailer and escaping from jail may be perpetrated by a person held in lawful custody. If defendant had killed the jailer and set fire to the jail in addition to robbing him of his revolver and making his escape, would he not also be guilty of murder and arson, or would the specious argument here invoked against his conviction of robbery be available to exempt him from prosecution for those crimes? The mere suggestion of such a legal query furnishes its own answer. The contention made in defendant's behalf has no merit.

Another point urged against the judgment relates to the court's instructions covering the crime of robbery. These have been examined. They correctly stated the pertinent law.

Under an error assigned on the overruling of defendant's motion for a new trial an argument is made to persuade this court that in forcibly taking the revolver from the jailer defendant had no intention to deprive him permanently of it, but only took it to insure his escape from jail. A jury argument, merely, and not a very good one either, in view of the fact that he still retained possession of the revolver sixty days after taking it in the manner and form alleged in the information. But as we have often said, this court is not a fact-finding tribunal and it serves no purpose to ask us to make deduction of fact. If it were, we would be bound to hold as did the jury that the defendant was guilty as charged, not alone from the evidence, but also from the admissions in the argument advanced to exculpate him.

The judgment is affirmed.