No. 39,977

Karl A. Wagner, *Appellant*, v. The State of Kansas and its Agent
C. A. Edmondson, Warden, Kansas State Penitentiary, et al.,
*Appellees*.

(290 P. 2d 98)

Opinion
filed November 12, 1955.

*Karl A. Wagner* was on the brief *pro se*.

*Harold R. Fatzer*, Attorney General, and *James L. Galle*, Assistant Attorney
General, were on the brief for the appellees.

The opinion of the court was delivered by

Thiele, J.: Karl A. Wagner filed his petition in the district court
of Leavenworth county for a writ of habeas corpus to secure his re-
lease from the state penitentiary. The writ was denied and he has
appealed to this court.

Petitioner's contentions, later discussed, are better understood
if the facts which are not in dispute, are first told.

On July 22, 1946, Wagner was convicted in the United States
District Court of Kansas of violating the Dyer Act, and was sen-
tenced to prison for a term of five years. He was released and was
later convicted in the city court of Arkansas City of petty larceny
and sentenced to serve a sentence in the county jail of Cowley
county. While so confined, on November 27, 1950, he assaulted the
jailer and broke jail. He was apprehended. On December 5, 1950,
the county attorney filed two informations against him. In criminal
case No. 5237 he was charged with breaking jail on November 27,
1950, while lawfully confined upon conviction for a criminal offense
contrary to G. S. 1935, 21-735. In criminal case No. 5238 he was
charged with assaulting the jailer on November 27, 1950, with in-
tent to commit a prison breach while lawfully confined in the
county jail, contrary to G. S. 1935, 21-434. On December 6, 1950,
Wagner was tried on the information in case No. 5238, entered a

plea of guilty and was sentenced to the state penitentiary for a period of not to exceed five years or until otherwise discharged by law. On December 27, 1950, Wagner was tried on the information in case No. 5237 and entered a plea of guilty. At that time the state notified him it would offer evidence and request the court to sentence him as an habitual criminal, and on January 5, 1951, the state offered proof as to the conviction of July 22, 1946, in the United States District Court and as to the conviction of December 6, 1950, in the Cowley county district court, and thereafter the court found he was a third offender for felony and sentenced him to the state penitentiary for the remainder of his natural life or until discharged by law. On January 6, 1951, he was incarcerated in the state penitentiary.

We find it unnecessary to detail the allegations of the petition for the writ. An examination of those allegations shows that the essence of his complaint is that in assaulting the jailer and in breaking jail he committed one single offense and that when he pleaded guilty on December 6, 1950, to assaulting the jailer he was placed in jeopardy, and that on his trial on December 27, 1950, for breaking jail, he was placed in jeopardy for a second time, contrary to the provisions of G. S. 1935, 21-114, and in violation of his constitutional rights as specified in the United States Constitution, Amendment 5, and Kansas State Constitution, Bill of Rights No. 10; that he is unlawfully held in the state penitentiary and is entitled to his release.

The petitioner's contention, that the series of events in which he participated on November 26, 1950, in assaulting the jailer and breaking jail constituted one and a single offense, cannot be sustained. Waiving for the time being that the question of the legality of the sentence should have been raised by appeal, we note that it has been held that the test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge, and if not, the fact that both charges relate to and grow out of one transaction does not make a single offense where two distinct offenses are defined by statute. See *Hunt v. Hudspeth,* 111 F. 2d 42. See also *McDonald v. Hudspeth,* 129 F. 2d 196, certiorari denied 317 U. S. 665, 87 L. ed. 535, 63 S. Ct. 75, rehearing denied 317 U. S. 709, 87 L. ed. 565, 63 S. Ct. 157, and *Tiller v. Hudspeth,* 131 F. 2d 188, holding that where the same transaction constitutes a violation of two statutory provisions, the test to be applied in determining whether there are two

offenses is whether each requires proof of a fact which the other does not. It has also been held the test for determining whether a continuous transaction results in the commission of but a single offense, is not dependent on the number of unlawful motives in the mind of the accused, but is determined by whether separate and distinct prohibited acts, made punishable by law, have been committed, *Caballero v. Hudspeth,* 114 F. 2d 545. And see also 22 C. J. S. p. 427, *et seq.,* and 15 Am. Jur. p. 53, *et seq.* It is too plain for argument that proof of the commission of the two offenses would not have been the same in the trial of either, and it is equally clear that our statutes separately define the two offenses and set different punishments therefor. The question is not new in this state. In *State v. Long,* 129 Kan. 379, 282 Pac. 583, the defendant had held up and robbed his jailer of a revolver and effected his escape. He was charged with the crime of robbery and convicted. On appeal he contended he committed no robbery but only the offense of breaking jail. We shall not detail the discussion in the opinion to which reference is made. This court held:

"A defendant lawfully incarcerated in a city jail who robbed his jailer of a revolver of the value of $25 and made his escape and took the revolver with him and still retained it when he was apprehended sixty days later was properly subjected to a prosecution for robbery; and the fact that he was also liable to prosecution for the crime of escaping from jail was not a defense to the prosecution for robbery, but was altogether immaterial thereto."

Although that case may be distinguished on the facts and the fact that defendant was being tried only for one offense, the analogies to be drawn from it demonstrate that petitioner's contention is not good.

In his brief, as distinguished from the petition on which the issue was tried, Wagner makes statements concerning what transpired at the trial. They are entirely unsupported by proof and are contrary to the record, but in any event they refer to trial errors which should have been corrected by appeal.

A painstaking reading of the record, abstracts and briefs, discloses the judgment of the trial court was correct and it is affirmed.