No. 41,762

JOSEPH HIGHTOWER, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(350 P. 2d 31)

Opinion filed March 5, 1960.

Appellant was on the briefs *pro se.*

*J. Richard Foth,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from a judgment of the trial court denying a writ of habeas corpus.

In his petition appellant stated he had been unlawfully restrained and deprived of his liberty by a telegram pickup and hold order in Pima county, Arizona; that he was denied an attorney and held without legal service and was sentenced, on only an information and without grand jury indictment, for bank robbery, first degree robbery, and grand larceny, the sentences to run concurrently; he contended it was physically impossible to take, steal and carry away property of the Modoc State Bank and that of Raymond Salyer, banker, and at the same time hold a gun on the banker and leave fingerprints from both hands upon the cash drawer as detected by the Kansas Bureau of Investigation; appellant had sworn to a statement before a police officer that he had not held or pointed a gun at Salyer or put him in immediate danger of his person; he was being unlawfully punished under the eighth amendment; the breaking of one crime into three separate offenses constituted double jeopardy and therefore the penalty was null and void.

Appellant further claimed he was under mental duress and coercion when he pleaded guilty to three charges of felony without being properly informed of the consequences by his appointed attorney, acting counselor for the court, in collaboration with the state attorney. While it was not shown in open court, he had originally pleaded innocent by reason of temporary insanity but the court had had no chance to accept this plea.

By way of argument appellant stated he was held three days before arraignment in Pima county, Arizona, then held fourteen days before being placed in custody of Kansas authorities, and there had been a delay of thirty-three hours before arraignment in Scott county, which totaled nineteen days and nine hours. This violated the sixth and seventh amendments of the federal constitution. Appellant admitted his commission of grand larceny (G. S. 1949, 21-533) and the proper penalty therefor under G. S. 1949, 21-534, but because of double jeopardy, that too became illegal. He further stated his rights were abridged under the fourteenth amendment to the federal constitution.

The answer and return of respondent will not be set out because the contents are supported and corroborated by the files and records of the Scott county district court. Respondent requested dismissal of the petition for habeas corpus.

The uncontradicted records and files of the Scott county district court, briefly summarized, show that Harold B. Lewis, a regularly

qualified and practicing attorney of that court, was appointed to represent petitioner, appellant here. Continuances were granted from July 12, 1957, to September 12, 1957, to afford appellant and his counsel opportunity to discuss the problems involved and better determine subsequent action. On September 12, 1957, appellant and his counsel waived formal reading of the information. He was advised by the court of the nature of the offense charged in each of the three counts contained in the information and pleaded guilty to all three counts. When asked by the court appellant and his counsel had no legal cause to show why sentence should not be pronounced against him and the court sentenced him to confinement in the state penitentiary on count I for a period of not less than ten years or more than fifty years, as provided in G. S. 1949, 21-531 (entering banking premises with intent to rob); on count II, G. S. 1949, 21-533 (grand larceny) not exceeding five years, as provided in G. S. 1949, 21-534 (penalty statute); and on count III, G. S. 1949, 21-527 (first degree robbery) not less than ten years or more than twenty years, as provided in G. S. 1949, 21-530 (penalty statute). The sentences were to run concurrently each with the other.

Appellant has the burden in this appeal, as in other civil appeals, to show that the trial court committed such error as to prejudice his substantial rights. We shall first consider his claim of double jeopardy. The uncontradicted record shows he entered a plea of guilty on all three counts and he thereby waived any claim of illegality thereon and cannot here be heard to complain thereof. (*State v. Carte,* 157 Kan. 673, 143 P. 2d 774; *Lawton v. Hand,* 186 Kan. 385, 350 P. 2d 28, this day decided.) The Carte case was an appeal from the judgment and sentence imposed in a manslaughter prosecution. An immediate point of distinction is that while there were also three counts in the Carte case, the sentences were to run consecutively and here the sentences were adjudged to run concurrently. The above is not to be interpreted as meaning that double jeopardy is a proper issue to be raised in a habeas corpus proceeding. As shown in the Carte case, however, it would be proper at the time of judgment and imposition of sentence.

The plain and simple answer to the remainder of appellant's contentions is that they have no merit or place in this habeas corpus appeal, as is well shown in *Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009, certiorari denied, 355 U. S. 916, 78 S. Ct. 346, 2 L.

ed. 2d 276; Dassler's Kansas Civil Code Annotated, Supp. Ed., Chap. 54, § 22.

Upon examination of the record and authorities cited and discussed, we conclude appellant has failed to make it affirmatively appear that the trial court committed error prejudicially affecting his substantial rights so as to justify issuance of the writ.

Affirmed.