No. 41,774

VIRGIL GAIL LAWTON, *Petitioner*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent*.

(350 P. 2d 28)

Opinion filed March 5, 1960.

*Virgil Gail Lawton*, petitioner, was on the briefs *pro se*.

*J. Richard Foth*, Assistant Attorney General, of Topeka, argued the cause, and *John Anderson, Jr.*, Attorney General, of Topeka, was with him on the briefs for respondent.

The opinion of the court was delivered by

FATZER, J.: In this original habeas corpus proceeding the petitioner, Virgil Gail Lawton, seeks release from the Kansas State Penitentiary where he is presently confined.

On March 20, 1959, the petitioner was about to be arraigned in the district court of Montgomery County, Kansas, on an information charging him with feloniously having a pistol in his possession and under his control after having previously been convicted in this state of the unlawful possession of cannabis sativa, commonly known as marijuana, as that offense is defined in G. S. 1957 Supp. 21-2611. He appeared without counsel, and in compliance with G. S. 1957 Supp. 62-1304 the district court appointed Frank Liebert, an attorney duly admitted to practice law in this state and a member of the Montgomery County Bar, to represent him. Petitioner was arraigned and entered a plea of not guilty and the matter was continued to the April, 1959, term for trial.

On April 3, 1959, petitioner appeared before the district court with his attorney, withdrew his plea of not guilty and entered a plea of guilty to the offense as alleged in the information. He was thereupon sentenced to confinement in the Kansas State Penitentiary for an indefinite term with a minimum of twenty months pursuant to G. S. 1957 Supp. 62-2239.

We find it unnecessary to detail the allegations of the petition for a writ of habeas corpus, but an examination shows that the

essence of the petitioner's complaint is that on February 21, 1959, he was sentenced in the police court of the city of Coffeyville to fifteen days in the city jail for carrying a concealed weapon in violation of an ordinance of that city. He alleges that since the weapon was the same pistol which formed the basis for his present felony conviction and confinement in the penitentiary, he was subjected to double jeopardy.

His second complaint is that under G. S. 1957 Supp. 21-2611, possession of a pistol is made an offense only after the accused has been previously convicted of a felony; that his only prior conviction was that of possession of marijuana which was a misdemeanor (*Lawton v. Hand,* 183 Kan. 694, 331 P. 2d 886), hence, no public offense was alleged in the information and he is illegally confined in the penitentiary.

We think there are several reasons which require a denial of a writ of habeas corpus. In the first place, petitioner does not deny that, prior to his present conviction, he was convicted of the unlawful possession of cannabis sativa, commonly known as marijuana. His contention is that his conviction of that offense was only a misdemeanor (as determined in the Lawton case, *supra*) and that G. S. 1957 Supp. 21-2611 makes possession of a pistol an offense only by persons who have previously been convicted of a felony.

The statute in question (G. S. 1957 Supp. 21-2611) was enacted as Section 2 of Chapter 197, Laws of 1955. The title reads:

"An Act relating to weapons; making it unlawful for certain persons to own, possess or have a pistol under their control; providing for the seizure and disposal of pistols and other weapons in certain cases; and prescribing penalties for violations of the act."

The section reads:

"*It shall be unlawful for any person who has previously been convicted in this state or elsewhere of* committing or attempting to commit murder, manslaughter (except manslaughter arising out of the operation of an automobile), kidnaping, mayhem, forcible rape, assault to do great bodily harm, or any other felonious assault, robbery, burglary, extortion, grand larceny, receiving stolen property, aiding escape from prison or *unlawfully possessing or distributing habit-forming narcotic drugs or cannabis sativa, commonly known as marijuana, to own a pistol, or to have or keep a pistol in his possession, or under his control.* Any person violating this section shall be deemed guilty of a felony, and upon conviction shall be imprisoned in the state penitentiary not to exceed five (5) years and such pistol shall be subject to disposal as provided in section 5 [21-2614] of this act." (Emphasis supplied.)

We find nothing in the title to indicate the restrictive effect

ascribed to the act by the petitioner. The act clearly makes it unlawful for any person to own or possess a pistol after having been convicted of certain specified offenses, among them the unlawful possession of cannabis sativa, commonly known as marijuana. The offenses are listed by name with no distinction drawn between those defined as felonies and those defined as misdemeanors except in the phrase "or any other felonious assault." While most of the offenses listed are felonies, that fact would not preclude the legislature from also including in the offenses enumerated, the unlawful possession or distribution of cannabis sativa, commonly known as marijuana, which is a misdemeanor (*Lawton v. Hand,* supra), since all crimes in this state are statutory (*State v. Koontz,* 124 Kan. 216, 218, 257 P. 944; *State, ex rel., v. Basham,* 146 Kan. 181, 70 P. 2d 24; *State v. Gloyd,* 148 Kan. 706, 709, 84 P. 2d 966). Furthermore, we note there is also included the offense of receiving stolen property which may be either a felony or a misdemeanor (G. S. 1949, 21-549).

The construction of G. S. 1957 Supp. 21-2611 urged by the petitioner is not warranted either by the express language or the manifest legislative intent expressed therein. The legislature obviously intended to keep pistols out of the hands of persons who have demonstrated criminal tendencies, including the possession or distribution of habit-forming narcotic drugs or cannabis sativa, commonly known as marijuana. Having been previously convicted of the unlawful possession of cannabis sativa, commonly known as marijuana, the petitioner came squarely within the provision of the act when he carried a pistol on his person or had it under his control. Having pleaded guilty to the offense charged in the information as defined in G. S. 1957 Supp. 21-2611, he was lawfully convicted of a public offense and is presently confined under a valid sentence.

The petitioner's contention that he was twice put in jeopardy for the same offense is not well taken. The contention is based upon the claim that his conviction in the police court of the city of Coffeyville for carrying a concealed weapon precluded his prosecution in the district court of the offense for which he was convicted. As long ago as 1886 this court said in *State, ex rel., v. City of Topeka,* 36 Kan. 76, 12 P. 310, that,

". . . It is well settled that one and the same act committed by a person in a city may constitute two offenses—one against the laws of the state, and the other against the ordinances of the city; and both may be prosecuted against the offender. . . ." (l. c. 87.)

See also, *State v. Marks,* 97 Kan. 147, 154 P. 261, and *City of Fort Scott v. Arbuckle,* 165 Kan. 374, 196 P. 2d 217. In *City of Garden City v. Miller,* 181 Kan. 360, 311 P. 2d 306, it was held:

"A single act may be an offense in violation of a city ordinance although it is made a public offense by statute, and a violation of such ordinance and statute by the same act constitutes separate offenses and subjects the offender to separate punishment." (Syl. ¶ 3.)

. Another reason exists why the contention must fail. In the present case there is a lack of identity between the two offenses for which the petitioner was prosecuted. The rule is set forth in *Wagner v. Edmondson,* 178 Kan. 554, 290 P. 2d 98, as follows:

· "A test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge, and if not,'the fact that both charges relate to and grow out of one transaction does not make a single offense where two distinct offenses are defined by statute." (Syl. ¶ 1.)

The petitioner's conviction in the police court of the city of Coffeyville required proof that he carried a weapon on his person in a concealed manner. Conviction for violation of G. S. 1957 Supp. 21-2611 would require proof that he not only possessed a pistol but that he had previously been convicted of one of the offenses enumerated therein, one being possession of cannabis sativa, commonly known as marijuana. Thus, either one of the offenses could have been proved and the evidence would not have supported a conviction of the other.

The petitioner's contention lacks merit for the further reason that although it is alleged he attempted to raise the issue of double jeopardy at the time of his original arraignment, the record is silent on this point and his allegations are wholly uncorroborated. Be that as it may, it clearly appears that he entered a plea of guilty to the offense charged in the information. By so doing he waived any defense of double jeopardy which he might have had. That principle was firmly established in the two opinions in *State v. Carte,* 157 Kan. 139, 138 P. 2d 429 and 157 Kan. 673, 143 P. 2d 774. It was there held that a plea of guilty constituted such a waiver of the offense of double jeopardy that it could not be raised on appeal.

After a careful review of the record we are convinced the petitioner has failed to affirmatively show any ground which would justify his release by habeas corpus and it is the order of this court that the writ be denied.

It is so ordered.