No. 44,497

STATE OF KANSAS, *Appellee,* v. BILLY RAY WARD, *Appellant.*

(422 P. 2d 961)

Opinion filed January 21, 1967.

*Victor D. Goering,* of Hutchinson, was on the brief for the appellant.

*Richard J. Rome,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, *Raymond F. Berkley* and *Matthew J. Dowd,* assistant county attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This direct criminal appeal comes to us after the defendant, Billy Ray Ward, entered a plea of guilty and was sentenced to the state reformatory for the offense of burglary in the third degree (K. S. A. 21-521) by the district court of Reno county.

In order to present the defendant's assignments of error adequately, it is necessary to relate in detail the chronology of the rather involved events leading up to this appeal.

On April 16, 1965, Ward, while serving a sentence imposed by the Cherokee county district court, escaped from the state reforma-

tory and burglarized two rural dwellings. Following his arrest, Ward was charged in a complaint and warrant with three counts of felony: Count I—breaking prison, in violation of K. S. A. 21-732; Counts II and III—burglary in the second degree, contrary to K. S. A. 21-516. On May 3, 1965, Ward personally appeared with his court-appointed counsel, Edwin B. Brabets, in city court and waived preliminary hearing on Counts I and II. A hearing was held, however, on Count III, and thereafter Ward was bound over to the district court for trial on all three counts.

On May 18, at defendant's request, a sanity commission was appointed by the district court. The findings of the commission that Ward was sane, able to comprehend his position and make his defense were approved by the district court. An information was filed on June 2 charging him with the same counts as set out in the original complaint. Ward, with his counsel, appeared before the district court for arraignment. On the state's motion, Count III (one of the burglary charges) was dismissed, and Ward was arraigned on Counts I and II. He pleaded guilty to both counts, but the court refused to accept the pleas, and set the matter for jury trial.

The matter again came before the district court on June 29, at which time Ward was arraigned, and again he pleaded guilty to the two counts of the information. His pleas were accepted, and he was sentenced to the state penitentiary. On the same date Mr. Victor Goering, present counsel, was appointed by the court to represent defendant at any future proceedings.

On July 2 the state filed a written motion to vacate and set aside the plea and sentence previously imposed on June 29 on Count I of the information. The motion was heard and sustained. The state, without objection by the defendant, was granted leave to file an amended information as to Count I. Mr. Goering orally moved to vacate and set aside the plea and sentence on Count II of the original information. The state concurred in the motion and in turn asked leave to file an amended information relating to Count II. Mr. Goering stated there was no objection. The defendant's motion was acted on favorably, and the result was that the court permitted an amended information to be filed as to both counts. Consequently, defendant stood charged, by the amended information, with two felonies: escape from prison without being guilty of breaking (K. S. A. 21-734), and third-degree burglary (K. S. A. 21-521). He was duly arraigned on both charges and entered pleas of guilty.

The court accepted the pleas and again sentenced the defendant to the penitentiary.

On October 1 Ward, his attorney and the county attorney appeared before the district court. Defendant moved the court for an order allowing him to withdraw his plea of guilty to Count I of the amended information and for an order vacating the sentence imposed on that count, for the reason that the original sentence to the reformatory had been vacated and set aside by the Cherokee county district court. The motion was sustained. Ward reaffirmed his plea of guilty to Count II of the amended information, and the court resentenced the defendant—this time to the reformatory instead of to the penitentiary.

Defendant raises two assignments of error, both relating to the judgment and sentence for the offense of burglary in the third degree (Count II), as charged in the amended information.

Ward first asserts that after he had already entered a plea of guilty to burglary in the second degree, the court erred in permitting the state to file an amended information charging burglary in the third degree. He contends the factual basis for the new charge being essentially the same as that for the original charge, the filing of an amended information alleging an offense that could have been charged as a separate count originally placed him in double jeopardy. Ward supports his argument by relying on K. S. A. 62-1449, which provides a bar to subsequent prosecution where an accused is properly charged with an offense and, upon trial, evidence of other offenses, (1) which might have been included as other counts, or (2) on which the state might have elected to rely in the action then being tried, is admitted. The inappropriateness of the statute to the facts here is self-evident. The statute was intended to supplement the existing law upon the subject of jeopardy, and by its language applies only where there is a *trial* and evidence of other offenses is admitted. (See *State v. Momb*, 154 Kan. 435, 119 P. 2d 544.) Fascinating as the defendant's argument may be in his effort to apply the statute, he apparently overlooks the significance of his failing to raise the jeopardy question at the proper time and also his subsequently pleading guilty.

As a general rule, jeopardy attaches in a criminal action where, upon a valid information before a court of competent jurisdiction, the defendant enters a plea of guilty which is accepted by the court. (*Markiewicz v. Black*, 138 Colo. 128, 330 P. 2d 539, 75 A. L. R. 2d

678; 22 C. J. S., Criminal Law § 248; and cases cited in the Anno. 75 A. L. R. 2d 683.) Double jeopardy, however, is an affirmative defense that a defendant waives by failing to raise it in a timely manner and proceeding to trial the second time (*State v. Maxwell*, 151 Kan. 951, 102 P. 2d 109, 128 A. L. R. 1315; *State v. Ford*, 117 Kan. 735, 232 Pac. 1023; *State v. White*, 71 Kan. 356, 80 Pac. 589); or by entering a plea of guilty (*Lawton v. Hand*, 186 Kan. 385, 350 P. 2d 28; *Hightower v. Hand*, 186 Kan. 377, 350 P. 2d 31; *State v. Carte*, 157 Kan. 673, 143 P. 2d 774, and 157 Kan. 139, 138 P. 2d 429).

The circumstances under which the defense of double jeopardy is waived received the attention of this court in the recent case of *Cox v. State*, 197 Kan. 395, 416 P. 2d 741, in which many of our prior decisions, as well as federal decisions, on the point were reviewed. There, we held that both the failure of the petitioner to raise affirmatively the defense of double jeopardy and his subsequent plea of guilty to a lesser included offense constituted a waiver thereof.

In the instant case Ward, on June 29, was before the court on the original information which was valid upon its face. The court had jurisdiction of both the offense and the defendant. When the court accepted Ward's plea of guilty, Ward was thereby placed in jeopardy. In the proceedings on July 2 Ward's previous plea and sentence were vacated at his insistence, and he offered no objection to the filing of the amended information. He entered a plea of guilty, and his plea was later reaffirmed at his appearance before the court on October 1. Under these circumstances, the defendant effectively waived the defense of double jeopardy by failing to raise it in a timely manner and by subsequently pleading guilty.

Ward next contends the court erred in not affording him a preliminary hearing prior to accepting his plea of guilty to third degree burglary as charged in the amended information. We note he makes no contention he was not afforded the opportunity of a preliminary hearing on the original charge of second degree burglary. (See *Cunningham v. Hoffman*, 179 Kan. 609, 296 P. 2d 1081.) We need not belabor the point raised. Any objection Ward may have had to the lack of a preliminary hearing comes too late when asserted for the first time on appeal.

It is a well-established rule of criminal procedure in this state that where there has, in fact, been no preliminary examination afforded the defendant, he is required to raise the question prior to arraign-

ment by filing a plea in abatement. (*State v. McCarther,* 196 Kan. 665, 414 P. 2d 59, and authorities cited therein.) In *McCarther* this court held:

". . . where a defendant files no plea in abatement that he had no preliminary examination on one or more charges contained in the information, and thereafter is arraigned, pleads not guility, and goes to trial on the information, the subject of preliminary examination is no longer material . . . and objection by the defendant on appeal that he had no preliminary examination comes too late. . . ." (p. 671.)

Additionally, any claimed irregularities pertaining to a preliminary examination are deemed to be waived where the defendant enters a voluntary plea of guilty in the district court (*e. g., Tate v. State,* 196 Kan. 435, 411 P. 2d 661; *Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *Portis v. State,* 195 Kan. 313, 403 P. 2d 959; *Chance v. State,* 195 Kan. 430, 407 P. 2d 236, cert. denied 382 U. S. 1019, 15 L. Ed. 2d 534, 86 S. Ct. 638), and likewise, his right to the examination itself is waived by his pleading guilty to the information (*Plasters v. Hoffman,* 180 Kan. 559, 305 P. 2d 858; *Foster v. Hudspeth,* 170 Kan. 338, 224 P. 2d 987, appeal dismissed 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503; *Cooper v. Hudspeth,* 166 Kan. 239, 119 P. 2d 803).

Ward also urges it was improper for the court to permit the amendment of the original information, for under the provisions of K. S. A. 62-808 an information cannot be amended in matters of substance after jeopardy attaches. As applied to the instant case, the contention is without merit for the reason defendant expressly consented to the filing of the amended information, and he cannot now be heard to complain. (*State v. Allen,* 163 Kan. 374, 183 P. 2d 458.)

For the reasons stated, we concluded the court did not err in any of the matters urged herein. The judgment is affirmed.