No. 44,751

Robert Earwood, *Appellant,* v. State of Kansas, *Appellee.*

(426 P. 2d 151)

Opinion filed April 8, 1967.

*Stephen M. Todd,* of Topeka, argued the cause and was on the brief for the appellant.

*Robert D. Hecht,* County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Robert Earwood filed a motion to vacate sentence under K. S. A. 60-1507. The trial court considered this motion together with the handwritten "supporting brief" furnished by Earwood. The motion was denied without a plenary hearing and counsel was not appointed to present or argue the matter before the trial court. This appeal is brought from a judgment denying the motion. Counsel has been appoined for the appellant in this court.

The appellant contends the court below erred (1) in holding he had not been placed in double jeopardy for the offense, and (2) in refusing to appoint counsel for him in the court below and in failing to hold a plenary hearing on his motion to vacate.

The trial court considering this motion was the court in which he was originally convicted. The judge examined the records of the court and issued a four page memorandum opinion denying the motion. Adequate legal authority on the question of double jeopardy was cited in the opinion. We will reexamine appellant's contentions urged by his court appointed counsel.

Appellant was arrested by the Topeka police. He was charged under city ordinances with drunkenness and carrying a concealed weapon. After entering pleas of guilty to both offenses he was fined $50.00 for drunkenness and was sentenced to 30 days in jail for carrying a concealed weapon. He served the 30 days and then he was picked up by the Shawnee county sheriff's officers. A charge had been filed against him under K. S. A. 21-2611. This is a state felony statute prohibiting possession of a pistol after conviction of a felony. Appellant was tried and convicted for this crime. He was sentenced to not more than five years in the penitentiary. This is the sentence he seeks to have vacated.

Appellant's first claim of error concerns his complaint that trial and sentence on possession of a pistol after conviction of a felony placed him in double jeopardy for the same crime for which he previously served the thirty day sentence. He was first convicted in the city police court of carrying a concealed weapon. It was this conviction under a city ordinance that justified the 30 days in jail. The subsequent conviction was under a state statute prohibiting a person previously convicted of certain felonies from having possession of a pistol. Appellant was not placed in double jeopardy for the same crime.

The city and the state are separate sovereigns having separate codes of behavior. We have previously declared that a defendant may be prosecuted for his actions by both sovereigns. In *Lawton v. Hand,* 186 Kan. 385, 350 P. 2d 28, the question was decided in a case quite similar to the present one. Many prior decisions of like import are cited in the *Lawton* case. (See also *Jerome v. United States,* 318 U. S. 101, 87 L. ed. 640, 63 S. Ct. 483.) Appellant was not placed in double jeopardy.

The second claim of error is based upon failure to appoint counsel and to hold a plenary hearing in the court below. It is clear that the motion to vacate set forth no issue of fact. The sole question presented was a question of law which has been settled in this jurisdiction for many years. Counsel was appointed for appellant in this appeal and we have reexamined our cases on the subject. They are controlling.

When there are no disputed facts presented in the motion to vacate a plenary hearing is not required. (*Chappell v. State,* 197 Kan. 407, 416 P. 2d 786.)

When the files and records of the case conclusively show the

prisoner (movant) is not entitled to relief it is not necessary to appoint counsel in the court below. (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971.)

The lower court examined the question raised by appellant and properly denied the motion to vacate.

The judgment is affirmed.