No. 46,407

Eddie David Cox, *Appellant*, v. State of Kansas, *Appellee.*

(490 P. 2d 381)

Opinion filed November 6, 1971.

*Ronald L. Gold,* of Shawnee Mission, argued the cause and was on the brief for the appellant.

*Mark L. Bennett, Jr.,* assistant county attorney, argued the cause, and *Vern Miller,* attorney general, and *James A. Wheeler,* county attorney were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Eddie David Cox appeals from an order denying his motion to vacate sentence pursuant to K. S. A. 60-1507. He is presently serving a sentence for felony control of a pistol as proscribed by K. S. A. 21-2611.

Appellant was first charged, tried and convicted under an ordinance of the City of Overland Park for unlawfully concealing a revolver upon his person. Thereafter the state filed a charge of felony control of a pistol which arose from the same incident. The appellant, Eddie David Cox, has a history of prior felony convictions. He pled guilty to this latter charge and was sentenced.

Appellant now bases his claim for relief from the sentence upon double jeopardy and contends the trial by the state put him in jeopardy for the same offense charged under the city ordinance.

He points out that the double jeopardy prohibition contained in Amendment 5, United States Constitution, was made applicable to the states by *Benton v. Maryland*, 395 U. S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056. We might add that Section 10 of the Bill of Rights of the State of Kansas prohibited a person from being twice put in jeopardy for the same offense long before *Benton v. Maryland* was written. (See *City of Olathe v. Adams*, 15 Kan. 391, 395).

We reject the contention of double jeopardy in this case even though both offenses charged did arise at the same time and the pistol was common to both. (See *Wagner v. Edmondson*, 178 Kan. 554, 290 P. 2d 98.)

The offense of carrying a concealed weapon under the city ordinance and the offense of felony control of a pistol by a former convict are separate and distinct offenses even though they may occur in one incident. The person charged could have been guilty of the state offense without being guilty of violating the city ordinance. In *Lawton v. Hand*, 186 Kan. 385, 350 P. 2d 28, the lack of identity of these two offenses was clearly explained. We see no need of further explanation to support our present holding.

The case of *Waller v. Florida*, 397 U. S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184, reh. den. 398 U. S. 914, 26 L. Ed. 2d 79, 90 S. Ct. 1684, is relied on by appellant to support his claim for relief.

The *Waller* question was carefully formulated by the author of the majority opinion as follows:

"We act on the statement of the District Court of Appeal that the second trial on the felony charge by information 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and on the assumption that the ordinance violations were included offenses of the felony charge. Whether in fact and law petitioner committed separate offenses which could support separate charges was not decided by the Florida courts, nor do we reach that question. What is before us is the asserted power of the two courts within one State to place petitioner on trial for the same alleged crime." (p. 390.)

*Waller*, therefore, does not apply when separate and distinct offenses arise from one incident. (See *DuBois v. Hocker*, 432 F. 2d 549 [9th C. A. 1970].)

It is true that in *Waller* the high court rejected the dual sovereignty theory which had previously been recognized in Kansas to support double prosecutions for the same offense in violation of both a city ordinance and a state statute. As a result of *Waller*, *Earwood v. State*, 198 Kan. 659, 426 P. 2d 151, and other similar cases, may

no longer be considered sound authority insofar as they are grounded on the theory of dual sovereignty of city and state. However, when there is a lack of identity of offenses as in *Lawton* and *Earwood*, separate convictions are proper without resort to the theory of dual sovereignty.

The case of *Ashe v. Swenson*, 397 U. S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189, also relied on by appellant, is not controlling. In *Ashe* the majority opinion is based upon a doctrine of collateral estoppel, which doctrine was seriously questioned by Mr. Chief Justice Burger in his dissenting opinion. Nevertheless the collateral estoppel applied in *Ashe* could not be present in our present case. The collateral estoppel doctrine as declared in *Ashe* arose when the issue of the identity of the offender was the controlling issue and that issue had been determined against the prosecution in a prior trial ending in an *acquittal*.

The appellant here was first *convicted* of violating the city ordinance. The subsequent dismissal of the charge by the city attorney after appellant appealed the conviction to the district court could in no way give rise to an application of the *Ashe* doctrine of collateral estoppel.

We hold a person convicted of a crime under a city ordinance and later convicted of a felony under a state statute has not been put in jeopardy twice for the same offense, even though both crimes arose from a single incident, provided separate and distinct offenses were committed and charged.

The order denying relief is affirmed.