Eddie David COX, Petitioner-Appellant,

v.

R. J. GAFFNEY, Warden, Kansas State Penitentiary, Respondent-Appellee.

No. 72-1206.

United States Court of Appeals, Tenth Circuit.

May 4, 1972.

Rehearing Denied May 15, 1972.

Eddie David Cox, pro se, in opposition to summary affirmance.

Before PICKETT, SETH and Mc-WILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from dismissal of a state prisoner habeas corpus petition by the United States District Court for the District of Kansas. On May 2, 1969, the district court of Johnson County, Kansas, imposed a one to five year sentence on Cox following his plea of guilty to possession of a firearm by a convicted felon (K.S.A. § 21–2611). Subsequently, Cox attacked this sentence by way of a motion pursuant to K.S.A. § 60–1507. A denial of relief by the sentencing court was affirmed by the Kansas Supreme Court. Cox v. State, 208 Kan. 190, 490 P.2d 381 (1971). A federal petition was filed, relief denied, and this appeal followed.

The contention raised herein is that Cox was twice put in jeopardy for the same offense by virtue of the charge to which he pleaded guilty. The facts are not in dispute. Prior to his being charged with a violation of K.S.A. § 21–2611, Cox was tried and convicted under an ordinance of the City of Overland Park for unlawfully concealing a revolver on his person. While an appeal of the municipal conviction was pending, the state charges were brought. At that point the city dismissed its case, electing not to pursue the cause on appeal. It is uncontested that the state charge and the city charge arose out of the same factual incident. More importantly, it is undisputed that the city ordinance and the state statute are, in all relevant respects, identical to the ordinance and statute recently considered by this Court in Bell v. Kansas, 452 F.2d 783 (10th Cir. 1971). Here, as in Bell, the ordinance proscribes a concealed handgun and the statute proscribes possession of a handgun by a convicted felon. In Cox v. State, supra, 490 P.2d at 382, the Supreme Court of Kansas held that the ordinance and the statute in this case concern "separate and distinct offenses." This holding suffices to distinguish Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and renders Bell v. Kansas, supra, dispositive of the instant case.

Upon docketing, this case was assigned to the summary calendar. The appellant has filed a brief in opposition to summary affirmance. Nonetheless, a careful review of the files and records in this cause convinces us that the judgment of the district court is correct. Accordingly, we affirm.