No. 46,805

STATE OF KANSAS, *Appellee*, v. CHARLES EDGAR CORY, *Appellant*.

(506 P. 2d 1115)

Opinion filed March 3, 1973.

*John C. Humpage*, of Humpage & Stewart, of Topeka, argued the cause and was on the brief for the appellant.

*David F. Brewster*, county attorney, argued the cause, and *Vern Miller*, attorney general, and *Larry A. Prauser*, deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is brought from conviction by a jury on two related counts in an information filed against Charles Edgar Cory. Count I charged Cory with the possession of burglary tools with intent to commit a burglary (K. S. A. 1972 Supp. 21-3717). Count II charged Cory with an anticipatory crime, an attempt under K. S. A. 1972 Supp. 21-3301 to commit the crime of burglary as defined by K. S. A. 1972 Supp. 21-3715. Cory was sentenced to two consecutive terms of not less than one nor more than five years. He seeks reversal of these convictions on two grounds which will be discussed later.

The appellant was arrested on the evening of February 2, 1971,

in an alley behind the Modern Jewelry Store in Baxter Springs at 8:15 p. m. after the store's burglar alarm had sounded. A pair of large bolt cutters lay on the ground between his feet and a gunny sack lay nearby containing a hammer, a screwdriver and two punches. One of the bars protecting the rear window of the jewelry store had been cut. The window had been raised and was held open by a crowbar. A vehicle owned by appellant's wife was found parked on a nearby street.

Appellant's testimony, which the jury apparently disbelieved, was that he was suffering from diarrhea that evening and had gone into the alley to relieve himself. Cory testified he met two men emerging from the alley as he was hastening into it. Cory's wife confirmed her husband's story concerning his running bout with diarrhea.

Appellant first contends the trial court should have instructed the jury that it could convict defendant of possession of burglary tools or of an attempt to commit a burglary, but not both, since the same evidence was used to support both charges. Appellant relies upon *State v. Gauger*, 200 Kan. 515, 438 P. 2d 455, and similar cases, which simply hold that a defendant may be convicted of either the crime charged or a lesser included crime, but not both. Here two separate crimes were charged in separate counts.

It is true, however, that the state may not split a single offense into separate parts. This rule was recognized and applied recently in *State v. Campbell*, 210 Kan. 265, 500 P. 2d 21, where it was held:

"In a criminal action charging a defendant with felonious assault and first degree robbery, where there is but a single act of violence or intimidation, and that act which was an essential element of the first degree robbery conviction was also relied upon as constituting the separate crime of felonious assault, the two separate convictions cannot be carved out of the one act of criminal delinquency, and the felonious assault charge must be dismissed as duplicitous." (Syl. ¶ 10.)

The rule was codified in the Laws of 1969 (K. S. A. 1972 Supp. 21-3107) as follows:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or
"(*d*) A crime necessarily proved if the crime charged were proved."

We discern no particular difference in the meaning of the terms, "the same conduct of a defendant" as used in the statute and "a single transaction of a defendant" as used in our prior case law. The statute recognizes the right of the prosecution to charge more than one offense based on the same conduct or act of the accused. It also recognizes the right of the prosecution to charge one offense and obtain a conviction on a lesser included offense not specifically charged. The comment of the judicial council appended to the statute indicates the main objective of the framers of the statute was to formulate the limitations upon multiplicity of convictions or prosecutions, so that the state could not split a single offense into separate parts or file separate actions against an accused for multiple offenses arising out of the same conduct.

Appellant misapplies these well recognized limitations to the facts of our present case. When two offenses are charged in separate counts of one information the test to be applied is not whether the facts actually proved at trial are used to support the conviction of two offenses, it is whether the necessary elements of proof of the one crime are included in the other.

This court has frequently stated that where the same conduct of a defendant constitutes a violation of two statutory proscriptions the test of duplicitous offenses is whether each requires proof of an element of the crime which the other does not and if so the offenses are not duplicitous. (*Wagner v. Edmondson*, 178 Kan. 554, 290 P. 2d 98; *Lawton v. Hand*, 186 Kan. 385, 350 P. 2d 28; *Coverly v. State*, 208 Kan. 670, 493 P. 2d 261.)

In *State v. Ogden*, 210 Kan. 510, 502 P. 2d 654, this court in discussing a claim of inconsistent verdicts on separate counts of burglary and of possession of burglary tools, observed:

"These two offenses are independent. One can commit a burglary without burglary tools, and one can be guilty of the possession of burglary tools without committing a burglary. Each constitutes a separate and distinct offense."

This court has previously held multiple convictions arising from the same conduct of a defendant are proper on the following related charges: (1) Assaulting a jailer and escape from jail (*Wagner v. Edmondson*, supra); (2) possession of pistol after conviction of crime and carrying a concealed weapon (*Cox v. State*, 208 Kan. 190, 490 P. 2d 381); (3) statutory rape and incest (*Wiebe v. Hudspeth*,

163 Kan. 30, 180 P. 2d 315; (4) first degree kidnapping and forcible rape (*State v. Brown,* 181 Kan. 375, 312 P. 2d 832); and (5) embezzlement and forgery (*State v. Patterson,* 66 Kan. 447, 71 Pac. 860).

One may attempt to commit a burglary without possessing burlary tools. Entrance may be attempted without tools. Further, one may possess burglary tools with the requisite felonious intent but without committing the overt act necessary under K. S. A. 1972 Supp. 21-3301 to attempt a burglary. Thus, each is an offense requiring proof of an element not necessary in the other, and neither is a lesser degree of the other offense charged. (See *People v. Szymezak,* 116 Ill. App. 2d 384, 253 N. E. 2d 894, and 2 Wharton's Criminal Law and Procedure, § 443, p. 65.) Charges of (1) possession of burglary tools and (2) commission of an overt act in the perpetration of a burglary are separate and distinct offenses, they are not duplicitous and separate convictions for both offenses arising from the same conduct are proper under K. S. A. 1972 Supp 21-3107.

Appellant's second contention is that the information and proof of the offense of an attempt to commit burglary were insufficient to support a conviction under Count II, which in pertinent part reads:

". . . [O]ne Charles Edgar Cory did then and there unlawfully, feloniously

[Count I omitted.]

"Count II: in perpetration of the crime of burglary as defined by K. S. A. 21-3715, commit the following overt act, to-wit: cut through a window bar and force open a window of the Modern Jewelry, 1118 Military, Baxter Springs, Kansas, with the intention to commit said crime, but failed in the perpetration thereof and was intercepted in executing said crime by Charles Sharp, Deputy Sheriff, Cherokee County, Kansas."

This contention is premised upon failure to allege and prove the attempted entry was without authority. The jeweler who owned the business testified at the trial and identified the iron bar from the window of his jewelry store and the marks made by the bolt cutters on the iron bar, but he did not directly testify that the defendant had no authority to enter the building. However, the lack of such authority would seem to be implicit in his testimony from the nature of the overt act of cutting a bar over a rear window of the store. Proof of a crime may be based on circumstantial evidence as it was in our present case. (*State v. Aten,* 203 Kan. 920, 457 P. 2d 89; *State v. Larkin,* 209 Kan. 660, 661, 498 P. 2d 37.) We have examined

the record and there is substantial competent evidence in the record to support the convictions.

We turn now to the sufficiency of the information. The crime charged was not the completed crime of burglary, it was merely an attempt to commit such crime. The statute proscribing attempts (anticipatory crimes), K. S. A. 1972 Supp. 21-3301, reads:

"(1) An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.

"(2) It shall not be a defense to a charge of attempt that the circumstances under which the act was performed or the means employed or the act itself were such that the commission of the crime was not possible."

The necessary elements of an attempt to commit a crime under our prior statute (G. S. 1949, 21-101) were listed in *State v. Borserine*, 184 Kan. 405, 337 P. 2d 697, where this court said:

". . . [T]hat 'an attempt to commit a crime consists of three elements: (1) the intent to commit the crime; (2) performance of some act toward the commission of the crime, and (3) the failure to consummate its commission.' . . . " (p. 409.)

(Accord: *State v. Bereman*, 177 Kan. 141, 143, 276 P. 2d 364, and *State v. Visco*, 183 Kan. 562, 567, 331 P. 2d 318.)

We discern no substantive change in our present statute relating to an attempt. K. S. A. 1972 Supp. 21-3301 still contains three essential elements (1) the intent to commit the crime, (2) an overt act toward the perpetration of the crime, and (3) a failure to consummate it. These three essential elements of the crime of an attempt to commit burglary were clearly set forth in Count II of the information and the information was not jurisdictionally defective. (Section [2] of the present statute attempts to clarify the law relating to impossibility as a defense, however we do not understand that to be the thrust of the diarrhea defense in the present case.)

The court in instructing the jury gave a definition of the crime of burglary as follows:

"Burglary is knowingly and without authority entering into or remaining within any building, . . . with intent to commit a felony or theft therein." (K. S. A. 1972 Supp. 21-3715.)

From this instruction the jury understood that the crime of burglary includes the entering of a building without authority and such did not have to be alleged in the information charging an attempt.

The crime of an attempt to commit burglary was sufficiently set

forth in Count II of the information but, assuming *arguendo* that it was not, any attack on the information must be filed prior to the plea unless it is on jurisdictional grounds. See *State v. Scott*, 210 Kan. 426, 430, 502 P. 2d 753, and cases cited therein. We have previously indicated the information was not jurisdictionally defective for it contained all essential elements of the crime of attempt as set forth in the statute. In alleging an attempt to commit a crime if such attempt is sufficiently charged under the statute it is not additionally necessary to set forth all essential elements of the crime attempted but not consummated. In the crime of an attempt some elements of the completed crime attempted are of necessity lacking.

We are of the opinion that in part the complaint which the appellant makes falls within the purview of K. S. A. 1972 Supp. 22-3201, which reads in part as follows:

"(5) When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare his defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill."

The appellant made no attack on the information prior to his conviction. He filed no motion for bill of particulars as authorized in 22-3201, supra. By proceeding to trial on the information he waived any right he may have had to require the state to amend the information or to file a bill of particulars.

The judgment is affirmed.