No. 46,920

ROBERT LEE JARRELL, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(510 P. 2d 127)

Opinion filed May 12, 1973.

*Charles Jack Curtis,* of Hays, argued the cause and was on the brief for appellant.

*Don C. Staab,* assistant county attorney, argued the cause, and *Vern Miller,* attorney general, and *Simon Roth, Jr.,* county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from the overruling of a motion to vacate sentence filed pursuant to K. S. A. 60-1507. The appellant, Robert Lee Jarrell, raises three specifications of error—all of which raise the single contention that two of the charges against him were duplicitous and constitute double jeopardy under the Fifth Amendment to the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution.

The facts are not in dispute. On August 16, 1962, Jarrell was charged by Information with four related counts arising out of a single act of violence against the same victim. Those charges were two counts of forcible rape under K. S. A. 21-424 (since repealed, see K. S. A. 1972 Supp. 21-3502), one count of assault with felonious intent under K. S. A. 21-431 (since repealed, see K. S. A. 1972 Supp. 21-3410 [c]), and one count of taking a woman for defilement under K. S. A. 21-427 (since repealed).

On September 11, 1962, the appellant, through his court appointed counsel, entered pleas of guilty to all four counts. The district court pronounced sentences of five to twenty-one years on

count one, five to twenty-one years on count two, one to ten years on count three, and two to twenty-one years on count four, *all sentences to run consecutively.*

On the following day, September 12, 1962, counsel filed a motion to withdraw the guilty pleas entered by the appellant, and instead, to enter pleas of not guilty on all four counts. One of the reasons alleged in the motion was that the appellant relied upon the representation of the county attorney that if he would enter pleas of guilty, the county attorney would recommend that the sentences imposed run concurrently. Subsequently, on September 15, 1962, the district court overruled the appellant's motion to withdraw his pleas of guilty.

The appellant appealed his convictions to the Kansas Supreme Court. (Case No. 43,389.) The records in this court show the appellant's notice of appeal was filed October 27, 1962, and that the case was set for hearing on April 2, 1963. The docket of this court shows there was nothing filed in this case. On March 21, 1963, the state moved to dismiss the appeal, and on March 29, 1963, the motion was overruled. The case was continued, and set for hearing on June 3, 1963. On that date, the appeal was dismissed for lack of prosecution.

Later, and on August 19, 1963, the governor of Kansas commuted Jarrell's sentences to 5-21, 1-10, and 2-21 years to run consecutively, ostensibly reducing one of the forcible rape sentences to naught.

On December 13, 1971, the appellant filed this motion to vacate the sentences imposed on September 11, 1962. On December 27, 1971, the district court concluded the files and records of the case conclusively showed the appellant was entitled to no relief, and there existed no triable issues of fact which required an evidentiary hearing and determined the appellant's presence was unnecessary.

The appellant contends the third and fourth counts against him —assault with felonious intent, and taking a woman for defilement —were duplicitous and constitute double peopardy.

The provisions of the Fifth Amendment to the United States Constitution relating to double jeopardy have been made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland*, 395 U. S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056. See, also, *Ashe v. Swenson*, 397 U. S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189, and *Waller v. Florida*, 397 U. S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184, reh. den. 398 U. S. 914, 26 L. Ed. 2d 79, 90 S. Ct. 1684.

The Fifth Amendment to the United States Constitution and Sec-

tion 10 of the Bill of Rights of the Kansas Constitution provide that "no person shall be subject for the same offense to be twice put in jeopardy." In an annotation following *Waller v. Florida,* supra (25 L. Ed. 2d 968), entitled "Double Jeopardy—State Prosecutions," it is said:

". . . *The ban on multiple punishment . . . imposes a limitation on judicial interpretation of substantive criminal law, forbidding that an accused be penalized more severely than the law provides, through the device of finding that he has committed several violations of substantive law where only one exists*; the restriction on multiple prosecutions, on the other hand, is designed to implement several procedural objectives, one of these being the protection of both the defendant and the public from the expense of prolonged and unnecessary litigation due to the retrial of previously adjudicated issues or to the use of several proceedings to try questions of law and fact that logically make up a single case, and another objective being to safeguard the accused from the excessive harassment and stigma of repeated criminal prosecutions; a defendant once acquitted or convicted should be able to consider the matter closed and plan his life ahead without the threat of subsequent prosecution and possible imprisonment for the same conduct." (p. 907.) (Emphasis supplied.)

This court has likewise held the state may not split a single offense into separate parts. Two or more separate convictions cannot be carved out of one criminal delinquency and where numerous charges are made, those which make up an integral part of another crime charged, in which the defendant was convicted, must be dismissed as duplicitous. (*State v. Pierce, et al.,* 205 Kan. 433, 469 P. 2d· 308; *State v. Campbell,* 210 Kan. 265, 500 P. 2d 21; *State v. Ogden,* 210 Kan. 510, 502 P. 2d 654; *State v. Cory,* 211 Kan. 528, 506 P. 2d 1115.)

The rule has been codified by K. S. A. 1972 Supp. 21-3107, which reads:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) *Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both.* An included crime may be any of the following:

"(*a*) A lesser degree of the same crime;

"(*b*) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or

"(*d*) *A crime necessarily proved if the crime charged were proved.*"
(Emphasis supplied.)

In *Cory,* supra, this court said in effect that the statutory rule was consistent with the rule formerly stated in our decisional law.

The rule as formulated was to place limitations upon multiplicity of convictions so that the state would be barred from splitting a single offense into separate and distinct violations. See, also, A. B. A. Standards for the Administration of Criminal Justice relating to Joinder and Severance, Joinder of Offenses, Commentary, Section 1.1 (*a*), Severance of Offenses, Commentary, Section 2.2 (*a*).

As noted above, it is apparent the sentence imposed on the appellant relating to the second count of forcible rape has been commuted by the governor. Thus, we consider only the elements of the crimes charged in counts one, three, and four in reaching a conclusion concerning the merits of the appellant's contentions:

### "COUNT ONE

"I, EDGAR M. MINER, the undersigned County Attorney of said county, in the same and by the authority, and on behalf of the State of Kansas, come now here and give the court to understand and be informed, that on or about the 11th day of August, 1962, in the County of Ellis and State of Kansas, ROBERT LEE JARRELL and ROBERT THERON SMITH, then and there being, did then and there unlawfully, feloniously and wilfully, at or about the hour of 10:00 o'clock P. M., conspire to and did forceably ravish and rape a female person, to-wit: [Miss X], at the South Park, South of the city limits of Hays, Kansas, *by the overt acts of taking* [Miss X] *and her companion,* [Mr. Y], *from their automobile by threat of physical harm, duress, fear, and force, by taking* [Miss X] *in their automobile, driving the car with* [Miss X] *and* [Mr. Y] *therein within the South Park and stopping the car, by taking* [Miss X] *from the car, by threatening* [Miss X] *and* [Mr. Y] *with serious bodily harm or death, by choking* [Miss X], *by causing* [Miss X] *to remove her clothing, by forcing* [Miss X] *to lay on the ground, and by forcing* [Miss X] *to have sexual intercourse against her will* with the defendant, Robert Lee Jarrell, contrary to G. S. 1949, 21-424, and contrary to the peace and dignity of the State of Kansas." (Emphasis ours.)

✻  ✻  ✻

### "COUNT THREE

"And for a third and different count, EDGAR M. MINER, County Attorney, being duly sworn, on oath says, that on or about the 11th day of August, 1962, in the County of Ellis and State of Kansas, ROBERT LEE JARRELL and ROBERT THERON SMITH, then and there being, did then and there unlawfully, feloniously and willfully, conspire to and did unlawfully, feloniously and wilfully on purpose and with malice and aforethought assault, choke, beat, and maim and ravish another person, [Miss X], with means or force likely to produce death or great bodily harm and with intent to maim, ravish or rape, *by the overt acts of taking* [Miss X] *and her companion,* [Mr. Y], *from their automobile by threat of physical harm, fear, duress and force, by taking* [Miss X] *in their automobile, driving the car with* [Miss X] *and* [Mr. Y] *in it within the South Park and on U. S. 40 by-pass South of Hays, and stopping the car, by taking* [Miss X] *from their car, by threatening* [Miss X] *with serious bodily harm or death, by choking* [Miss X], *by striking* [Miss X] *about the body and face, forcing*

[Miss X] *to lay on the ground, and by forcing* [Miss X] *to have sexual intercourse against her will* with the defendant, Robert Lee Jarrell, contrary to G. S. 1949, 21-431 and such statutes made and provided and contrary to the peace and dignity of the State of Kansas.

## "COUNT FOUR

"And for a fourth and different count, EDGAR M. MINER, County Attorney, being duly sworn, on oath says, that on or about the 11th day of August, 1962, in the County of Ellis and State of Kansas, ROBERT LEE JARRELL and ROBERT THERON SMITH, then and there being, did there and then unlawfully, feloniously and wilfully did conspire to and did then and there take a woman, to-wit: [Miss X], unlawfully, against her will, with intent to compel [Miss X] by force, menace, or duress to be defiled *by the overt acts of taking* [Miss X] *and her companion,* [Mr. Y], *from their automobile by threat of physical harm, fear, duress and force, by taking* [Miss X] *in their automobile, driving the car with* [Miss X] *and* [Mr. Y] *in it within the South Park and on U. S. 40 by-pass South of Hays, and stopping the car, by taking* [Miss X] *from their car, by threatening* [Miss X] *with serious bodily harm or death, by causing* [Miss X] *and* [Mr. Y] *mental duress and fear, by choking her, by striking* [Miss X] *about the body and face, and by forcing* [Miss X] *to have sexual intercourse against her will* with the defendant, Robert Lee Jarrell, contrary to G. S. 1949, 21-427, and such statutes made and provided and contrary to the peace and dignity of the State of Kansas." (Emphasis ours.)

The court has consistently held that where the same conduct of an accused constitutes a violation of two statutory proscriptions, the test of duplicity is whether each of the offenses charged requires proof of an additional element of the crime which the other does not, and if an additional fact is required, the offenses are not duplicitous. (*Wagner v. Edmondson*, 178 Kan. 554, 290 P. 2d 98; *Coverly v. State*, 208 Kan. 670, 493 P. 2d 261; *State v. Pierce, et al.*, supra; *State v. Ogden*, supra; *State v. Cory*, supra.) In *Pierce* we held:

"Generally, a single wrongful act should not furnish the foundation for more than one criminal prosecution.

"The test to be applied in determining the question of identity of offenses laid in two or more counts of an information is whether each requires proof of a fact which is not required by the others." (Syl. ¶ ¶ 2, 3.)

Under the rule announced in *State v. Gauger* [No. 44,749], 200 Kan. 515, 438 P. 2d 455, and adhered to in *Campbell*, this court has concluded the charge alleged in count three constitutes double jeopardy. It is clear the appellant was convicted of forcible rape and with assault with felonious intent arising out of the same transaction. Conviction of forcible rape precludes conviction of the lesser included offense, hence, the conviction in count three is barred by former jeopardy.

The charge in count four raises a question not heretofore considered by this court. We have carefully reviewed the record and note with significance that the factual allegations in count one and count four do not differ. Under the facts and circumstances, this court has concluded the charge in count four contains the same elements and constitutes the same crime alleged in count one of which the appellant was convicted. We hold the charge in count four to be barred by former jeopardy.

In holding the first count to bar subsequent conviction in count four under former K. S. A. 21-427, this court has considered our previous decision in *State v. Brown*, 181 Kan. 375, 312 P. 2d 832, and has concluded the facts in the instant case are clearly distinguishable from the circumstances in *Brown*. Moreover, this court takes note that no question of waiver was raised below, nor has waiver been presented for our consideration. See *State v. Carte*, 157 Kan. 139, 138 P. 2d 429, 157 Kan. 673, 143 P. 2d 774; *Lawton v. Hand*, 186 Kan. 385, 350 P. 2d 28; *Hightower v. Hand*, 186 Kan. 377, 350 P. 2d 31.

Upon the facts in this case the appellant was charged and convicted on three counts for the same wrongdoing which constituted but one offense. In accordance with the views expressed above, the convictions and sentences on counts three and four charging the appellant with the violation of K. S. A. 21-431 and K. S. A. 21-427, respectively (since repealed), must be vacated and set aside.

It is so ordered.