(575 P.2d 905)

No. 49,151

EDDIE DAVID COX, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed March 10, 1978.

*Joseph Dioszeghy,* of Olathe, and *John M. Hensel,* of Lenexa, for appellant.

*Bate R. Hamilton,* Assistant District Attorney, *Curt T. Schneider,* Attorney General, and *Dennis W. Moore,* District Attorney, for appellee.

Before SWINEHART, P.J., REES and SPENCER, JJ.

REES, J.: This is an appeal from the denial of a K.S.A. 60-1507 motion to vacate sentence.

A complaint charging petitioner with possession of a concealed weapon in violation of City Ordinance P.O. 83, § 57, a misdemeanor, was filed by the City of Overland Park in the Municipal Court of Overland Park, Kansas, on January 28, 1969. The next day, January 29, 1969, a complaint was filed by the State in the Magistrate Court of Johnson County. The latter complaint charged petitioner with having a pistol under his control after prior felony convictions (K.S.A. 1961 Supp. 21-2611, since repealed), a felony. The state charge arose from the same conduct and incident as that out of which the city charge arose.

Petitioner appeared on the state charge in the magistrate court on February 7, 1969, and the case was set for preliminary hearing on February 21, 1969.

On February 19, 1969, petitioner was tried on the city charge in the municipal court, found guilty, sentenced to ten days in jail, and fined $50.00. On that same day, petitioner filed a notice of appeal to the district court together with an appeal bond. Petitioner was entitled to a trial *de novo* on appeal.

Preliminary hearing on the state charge was held in the magistrate court on February 21, 1969, and March 4, 1969, and he was bound over for trial in district court. The information on the state charge was filed on March 6, 1969, in the district court; he was arraigned March 19, 1969, and on May 2, 1969, he was convicted upon entry of a guilty plea and sentenced to serve not to exceed five years at hard labor.

On May 5, 1969, the city dismissed its case against petitioner which he had appealed to the district court.

Petitioner did not appeal the conviction entered upon his plea to the state charge; however, he has not been inactive. He brought a K.S.A. 60-1507 proceeding challenging the conviction on double jeopardy grounds. That action was resolved against him in *Cox v. State,* 208 Kan. 190, 490 P.2d 381, and petitioner raises no double jeopardy arguments in the present case. Petitioner later brought a second K.S.A. 60-1507 proceeding concerning his right to credit on his sentence for time spent in the custody of federal authorities awaiting trial on federal charges. That action was finally resolved against him in *Cox v. State,* 214 Kan. 652, 522 P.2d 173.

Now, in this third K.S.A. 60-1507 proceeding, petitioner argues that the recent United States Supreme Court decision in *Blackledge v. Perry,* 417 U.S. 21, 40 L.Ed.2d 628, 94 S.Ct. 2098, compels the conclusion that petitioner was deprived of due process of law. We disagree.

In *Blackledge,* the defendant was charged with the misdemeanor of assault with a deadly weapon in the District Court of Northampton County, North Carolina, convicted, and sentenced to six months in jail. North Carolina had a two-tier trial court system similar to that of Kansas prior to court unification. After taking an appeal to the Northampton County Superior Court, where the defendant was entitled to a trial *de novo* on the misdemeanor charge, and prior to his appearance for trial there, the state prosecutor obtained a grand jury indictment charging the defendant with the felony of assault with a deadly weapon with intent to kill and inflict serious bodily injury. Defendant pleaded guilty to the felony charge and was sentenced to five to seven years. Ultimately, defendant brought an action in the federal courts for a writ of habeas corpus.

In its decision, the United States Supreme Court held that the procurement of the felony charge by the prosecutor after defendant had exercised his right to appeal the misdemeanor conviction gave rise to the possibility of a realistic likelihood of prosecutorial vindictiveness in contravention of defendant's right to due process of law. The heart of the opinion is as follows:

"The lesson that emerges from *Pearce, Colten,* and *Chaffin* [*North Carolina v.*

*Pearce,* 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072; *Colten v. Kentucky,* 407 U.S. 104, 32 L.Ed.2d 584, 92 S.Ct. 1953; *Chaffin v. Stynchcombe,* 412 U.S. 17, 36 L.Ed.2d 714, 93 S.Ct. 1977] is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' Unlike the circumstances presented by those cases, however, in the situation here the central figure is not the judge or the jury, but the prosecutor. The question is whether the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case. We conclude that the answer must be in the affirmative.

". . . A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo,* without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. Cf. *United States v. Jackson,* 390 U.S. 570.

"Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo.*" (417 U.S. at 27-29.)

The Supreme Court based its decision in *Blackledge* largely upon the prior case of *North Carolina v. Pearce,* 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072, where it held that the Due Process Clause of the Fourteenth Amendment requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial, and that he must be freed of the apprehension of such retaliatory action by the sentencing judge. The Court concluded in *Pearce* that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must be stated and the facts upon which the enhanced sentence is based must be made a part of the record.

The holdings in *Pearce* and *Blackledge* were recently discussed by the United States Supreme Court in *Bordenkircher v. Hayes,* 434 U.S. 357, as follows:

"This Court held in *North Carolina v. Pearce,* 395 U.S. 711, 725, that the Due Process Clause of the Fourteenth Amendment 'requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.' The same principle was later applied to prohibit a prosecutor from reindicting a convicted misdemeanant on a felony charge after the defendant had invoked an appellate remedy, since in this situation there was also a 'realistic likelihood of "vindictiveness." ' *Blackledge v. Perry, supra,* 417 U.S. at 27.

"In those cases the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction. . . ." 357 U.S. at 362.

We cannot say that under the facts of this case petitioner was denied due process. The crucial difference between *Blackledge* and the present case is the fact that the felony prosecution against petitioner was commenced prior to petitioner's appeal of the misdemeanor conviction. The felony charge was already pending when petitioner was tried and convicted on the ordinance violation and filed his notice of appeal. Petitioner cites no case, and we know of none, in which *Blackledge* has been applied to vacate a sentence under similar circumstances.

There is no evidence that the felony charge was brought or prosecuted in a manner designed to discourage petitioner from taking his appeal or to retaliate against him for having done so. The State did not unilaterally impose a penalty upon petitioner for choosing to attack the misdemeanor conviction. In the words of *Blackledge,* there was no "upping the ante" when petitioner appealed. The ante was already high. There was no substitution or filing of additional charges subsequent to the appeal. We conclude there was no realistic likelihood of vindictiveness by the prosecutors in their handling of petitioner's cases and, therefore, no deprivation of due process.

Affirmed.