(601 P.2d 11)

No. 50,359

STATE OF KANSAS, *Appellee,* v. LINDA SABATER, *Appellant.*

Petition for review denied December 6, 1979.

Opinion filed October 12, 1979.

*James S. Phillips, Jr.,* of Phillips & Phillips, Chartered, of Wichita, for appellant.

*Stuart W. Gribble* and *Robert J. Sandilos,* assistant district attorneys, *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, for appellee.

Before MEYER, P.J., REES and SPENCER, JJ.

REES, J.: Defendant appeals from her conviction of possession of cocaine (K.S.A. 1978 Supp. 65-4127a). We affirm.

On June 10, 1977, defendant was arrested on a warrant charging her and others with conspiracy to sell cocaine (K.S.A. 21-3302; K.S.A. 1978 Supp. 65-4127a). The supporting overt acts all occurred prior to the date of defendant's arrest. Trial resulted in defendant's acquittal. Before us for review is defendant's later conviction arising out of her possession of a plastic drinking straw found in and seized upon search of her pocketbook at the time of her June 10 arrest. The information was filed by the State on December 15, 1977, three days following her conspiracy acquittal.

On appeal, defense counsel has leveled a Gatling gun attack upon the pretrial and trial proceedings. We will endeavor to respond to the dispositive issues raised although in different order and with somewhat different description than ascribed by defense counsel.

An arresting officer testified there appeared to be a whitish residue inside the straw. Laboratory examination by the State resulted in a finding it was cocaine residue. The amount of residue found was of such limited amount that a second "rinse" of the straw resulted in a laboratory sample that failed to show cocaine when examined by prosecution and defense experts.

It now is settled law that possession of any amount of a controlled substance is sufficient to sustain a conviction even though such amount may not be measurable or usable. *State v. Berry*, 223 Kan. 102, 105, 573 P.2d 584 (1977). The credibility of the prosecution's first laboratory examination and its results were thoroughly challenged by the defense at trial; the weight to be given that test result clearly was a question of fact for the jury.

Defendant argues it was error to permit reference by the prosecutor and certain State witnesses to the fact of defendant's June 10 arrest. Defendant further argues that with such references having been made, it was error to not instruct that defendant was acquitted on the charge for which she was arrested.

The references made by the prosecution and its witnesses were not presented or admitted for any purpose for which evidence is rendered admissible by K.S.A. 60-455. There was no reference made to the charge upon which defendant was arrested nor to the factual allegations underlying that charge. The line of case authority upon which defendant relies is distinguishable. It consists of cases in which evidence of the facts of the other crime was admitted. Nothing of that sort took place here. The challenged references were made in explanation of the circumstances surrounding the finding and seizure of the straw. We cannot speculate that the jury might have speculated defendant was earlier involved in like or similar unlawful conduct. Additionally, the record fails to reveal defense counsel's assertion of a specific ground relied upon for exclusion of the references; rather his complaints before the trial court were that the possibly prejudicial effect of such references should have been offset by an instruction that defendant was acquitted of the charge upon which she was arrested.

One of defendant's nonprocedural trial defenses was that there was no knowing possession. The theory was that because the straw was found incident to and under the particular circumstances of defendant's arrest and search, the proper inference to be made was that there was no knowing possession. The testimony regarding the arrest was not only relevant to the State's case, it served as an important factual basis for defendant's "no knowing possession" defense.

Defendant cannot now claim error for failure to give an instruction explanatory of her arrest; her objection was not pre-

served by a request for inclusion in the jury instructions of one informing the jury of her acquittal on the earlier charge. Further, if error is assumed, we find it was harmless and insofar as such assumed error might be considered as federal constitutional error we are well satisfied and declare that beyond a reasonable doubt such error had little if any likelihood of having changed the result of the trial. See *State v. Thompson,* 221 Kan. 176, Syl. ¶ 5, 558 P.2d 93 (1976). We will not reverse on mere conjecture.

When defendant was placed under arrest on June 10, the arresting officer took defendant's pocketbook from her. It was not secured shut by a lock, snap, zipper or other device. The officer searched the pocketbook and among its contents was a wallet in which he found the incriminating straw. Neither the wallet nor the straw were in the plain view of the officer when he obtained control of the pocketbook. The straw was not evidence of the crime for which she was arrested; it was evidence crucial to her present conviction.

Characterizing the pocketbook as a repository of personal effects and relying upon *United States v. Chadwick,* 433 U.S. 1, 53 L.Ed.2d 538, 97 S.Ct. 2476 (1977), defendant argues the trial court erred in denying her motion to suppress the straw as evidence. She reasons unlawful search of the pocketbook rendered the seizure of the straw unlawful and tainted the State's evidence that the straw contained cocaine residue. We find this contention of unlawful search and seizure to be without merit.

The custodial arrest of defendant was a seizure of her person. The search of her pocketbook and wallet was lawful. *United States v. Robinson,* 414 U.S. 218, 38 L.Ed.2d 427, 94 S.Ct. 467 (1973). We do not view defendant's pocketbook to have been a repository of personal property coming within the rule enunciated in *Chadwick* or in such of its progeny as *United States v. Schleis,* 582 F.2d 1166 (8th Cir. 1978). We hold defendant's pocketbook was immediately associated with the person of defendant, the arrestee, and the search of the pocketbook involved no greater reduction in her expectations of privacy than that caused by the arrest itself. Accord, *Dawson v. State,* 40 Md. App. 640, 395 A.2d 160, 164-167 (1978).

Defendant further attacks the evidentiary admissibility of the straw and the result of its examination claiming her June 10 arrest was unlawful because the arrest warrant then executed was not issued upon a proper probable cause showing.

The sufficiency of the probable cause showing for the arrest warrant or warrants issued and executed in the conspiracy case was argued and considered at the trial of that case. Both cases were tried in the Sedgwick County District Court. It was appropriate for the trial judge in this case to take judicial notice of the previous determination of the probable cause issue; furthermore, defendant failed to make the showings required of her under *State v. Jacques,* 225 Kan. 38, 587 P.2d 861 (1978) [attack upon a search warrant], in that she made no allegations, supported by an offer of proof, of specific falsehood or reckless disregard for the truth in the affidavit or other evidence presented for the issuance of the arrest warrant. 225 Kan. at 43-44. The cases relied upon by defendant are distinguishable on their facts.

Defendant asserts her present conviction is the product of prosecutorial vindictiveness proscribed by *Blackledge v. Perry,* 417 U.S. 21, 40 L.Ed.2d 628, 94 S.Ct. 2098 (1974). See *Cox v. State,* 2 Kan. App. 2d 121, 575 P.2d 905 (1978). She relies upon *United States v. Ruesga-Martinez,* 534 F.2d 1367 (9th Cir. 1976), where it was held the mere appearance of vindictiveness brings the *Blackledge* principle into play. 534 F.2d at 1369. This contention is of no benefit to defendant even had it been raised before the trial court. The charge of possession of cocaine (a class C felony) was predicated upon none of the acts specified in the conspiracy to sell cocaine (a class E felony) information. The fact that in the course of the conspiracy trial there was an in camera hearing on the admissibility into evidence of the discovery of the contaminated straw at the time of her arrest does not alter matters; the evidence was not presented to that jury. The present prosecution neither arises out of the acts or transaction that gave rise to the conspiracy prosecution nor is it founded upon evidentiary facts adduced at the prior trial. Defendant's argument is more apt when addressed as a contention of preaccusation delay. However, even this approach fails defendant in the absence of any showing of actual prejudice. *State v. McCorgary,* 224 Kan. 677, 585 P.2d 1024 (1978); *State v. Royal,* 217 Kan. 197, 535 P.2d 413 (1975).

We have extensively considered the other issues raised by defendant. Among these are contentions of erroneous failure to declare a mistrial, the applicability of the doctrines of collateral estoppel and double jeopardy, denial of fair trial, improper re-

fusal or refusals of continuance, statutory constitutional infirmity, erroneous admission and refusal of evidence, failure to disclose exculpatory evidence, erroneous refusal of requested instructions, and insufficiency of the evidence. We find none of defendant's arguments on these issues to have merit. We decline this opportunity to produce a legal tome.

We find no reversible error.

Affirmed.