(860 P.2d 51)
No. 68,798

In the Matter of the Application of JACQUELINE RAE COULTER for a Writ of Habeas Corpus.

Opinion filed September 24, 1993.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Jalynn Copp*, assistant attorney general, for the appellee.

Before BRISCOE, C.J., GREEN, J., and STEPHEN D. HILL, District Judge, assigned.

BRISCOE, C.J.: Jacqueline Rae Coulter appeals the denial of her application for writ of habeas corpus.

On October 24, 1988, the First State Bank of Elwood, Kansas, was robbed. As a result of this robbery, Coulter was charged in federal court with aiding and abetting (18 U.S.C. § 2 [1988]), bank robbery (18 U.S.C. § 2113[a] [1988]), and assault while committing bank robbery (18 U.S.C. § 2113[d] [1988]). A jury acquitted her of those charges. After her acquittal in federal court, Coulter was charged in state district court with three counts of aggravated assault (K.S.A. 21-3410). These charges arose out of the same bank robbery. Coulter moved to dismiss the charges on the grounds that they violated her constitutional protections against double jeopardy found in the United States and Kansas Constitutions, in addition to violating the provisions of K.S.A. 21-3108(3)(a). The complaint was subsequently dismissed on the State's own motion. The State then filed a new complaint charging Coulter with aggravated robbery (K.S.A. 21-3427), conspiring to commit aggravated robbery (K.S.A. 21-3302; 21-3427), and nine counts of aggravated assault (K.S.A. 21-3410[b]). Again, these charges arose out of the same bank robbery that was the basis for the initial federal prosecution.

Coulter again filed a motion to dismiss on double jeopardy grounds and again relied on provisions of the United States and Kansas Constitutions and 21-3108(3)(a). The motion was denied. As a result of a plea bargain, the new complaint was later amended to charge only conspiracy to commit aggravated robbery, and Coulter pled nolo contendere to that charge. She was sentenced to a term of imprisonment of one to five years and then placed on probation for five years.

Almost five months after entering her nolo contendere plea, Coulter filed the present habeas corpus action, arguing her conspiracy conviction constituted double jeopardy. Specifically, she argued the conspiracy conviction was prohibited by the 5th Amendment to the United States Constitution and § 10 of the Bill of Rights of the Kansas Constitution, as well as by 21-3108(3)(a). The district court denied her petition, finding the state prosecution resulting in her conviction of conspiracy to commit aggravated robbery violated neither Kansas law nor the federal

constitution. The court further found the voluntary entry of a nolo contendere plea foreclosed any statutory right to collaterally attack the conviction. Coulter appeals the denial of her habeas corpus petition.

The State contends Coulter is barred from raising the double jeopardy issue because she pled nolo contendere to the charge. K.S.A. 22-3208(4) provides in pertinent part:

"A plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime."

If an individual pleads guilty in a prosecution, that individual generally waives the right to claim that the prosecution constituted double jeopardy. *United States v. Broce*, 488 U.S. 563, 574-75, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989). See *Cox v. State*, 197 Kan. 395, 402, 416 P.2d 741 (1966) (even if double jeopardy is raised as a defense, it is abandoned by a subsequent plea of guilty, and a claim of double jeopardy is not available in a subsequent habeas corpus action).

As regards waiver of a double jeopardy claim, we address first whether a nolo contendere plea has the same effect as a guilty plea. "While a plea of nolo contendere, unlike a plea of guilty, may not be used as an admission in any other action based on the same act, for all other purposes a conviction based on a plea of nolo contendere is just like any other conviction." *State v. Fisher*, 233 Kan. 29, 34-35, 661 P.2d 791 (1983). "A plea of nolo contendere, when accepted by the court, becomes an implied confession of guilt, and, for the purposes of the case, equivalent to a plea of guilty; that is, the incidents of the plea, so far as the particular criminal action in which the plea is offered is concerned, are the same as on a plea of guilty." 21 Am. Jur. 2d, Criminal Law § 497. In *State v. Browning*, 245 Kan. 26, 32, 774 P.2d 935 (1989), the court stated, "A nolo contendere plea has essentially the same consequences as a guilty plea." Like a guilty plea, entry of a nolo contendere plea results in the accused waiving all formal defects which are nonjurisdictional. 21 Am. Jur. 2d, Criminal Law § 498.

Coulter cites *Menna v. New York*, 423 U.S. 61, 46 L. Ed. 2d 195, 96 S. Ct. 241 (1975), and *Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974), in support of her contention that by her plea she did not relinquish the right to bring this habeas action. The Supreme Court in *Broce*, 488 U.S. at 574-75, recognized two exceptions to the general rule that a guilty plea results in waiver of a double jeopardy claim: (1) if there exists a realistic likelihood of prosecutorial vindictiveness in contravention of defendant's right to due process of law (citing *Blackledge*); or (2) if the charge, when judged on its face, is one which the State may not *constitutionally* prosecute (citing *Menna*). We find neither exception applies to relieve Coulter of her waiver of a double jeopardy claim by her entry of a nolo contendere plea.

The first exception is inapplicable to this case as it turns on a potential for prosecutorial vindictiveness not present in this case. See *Cox v. State*, 2 Kan. App. 2d 121, 122-23, 575 P.2d 905 (1978). In *Blackledge*, 417 U.S. 21, the same prosecutor sought and obtained an indictment on a felony charge against a defendant after the defendant appealed a prior misdemeanor conviction. The defendant pled guilty to the felony charge. The court in *Blackledge* held the potential vindictiveness against those who seek to exercise their right to appeal raised sufficiently serious due process concerns to require a rule forbidding the State to bring more serious charges against defendants in that position. 417 U.S. at 28. The plea of guilty did not foreclose a subsequent double jeopardy challenge because in *Blackledge* the defendant's right was "the right not to be haled into court at all upon the felony charge. The very initiation of proceedings against him . . . thus operated to deny him due process of law." 417 U.S. at 30-31. The *Blackledge* exception does not apply to the present case because the same prosecutorial entity was not involved in both prosecutions and the second set of charges were not filed after the filing of an appeal from a prior conviction.

The second exception is based on the holding of *Menna*, 423 U.S. at 62: "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea

of guilty." This holding was interpreted in a footnote to mean that a guilty plea will not result in a waiver of a double jeopardy claim where the charge, when judged on its face, is one which the State may not constitutionally prosecute. 423 U.S. at 63 n.2.

Coulter emphasizes the *Menna* decision as supporting her contention that her state prosecution was barred by the 5th Amendment. She ignores the fact that the prosecutions in *Menna* were both pursued by the same sovereignty. See *Menna*, 423 U.S. at 61-62. The two prosecutions at issue in the present case were pursued by separate sovereignties. The 5th Amendment prohibition against double jeopardy does not apply to prohibit prosecutions by separate sovereignties. See *Heath v. Alabama*, 474 U.S. 82, 87-89, 88 L. Ed. 2d 387, 106 S. Ct. 433 (1985). The United States Supreme Court has applied the "dual sovereignty doctrine" to allow separate prosecutions by federal and state governments for acts arising out of the same occurrence.

"The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.' [Citation omitted.] . . . [W]hen the same act transgresses the laws of two sovereigns, 'it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable.' " *Heath*, 474 U.S. at 88.

In *State v. Henwood*, 243 Kan. 326, 331, 756 P.2d 1087 (1988), the court explained the essence of *Heath* and all other decisions of the United States Supreme Court applying the dual sovereignty doctrine is that separate sovereigns have the right and the option to subsequently prosecute a defendant for a crime for which a defendant has formerly been prosecuted by another sovereign but are not required to do so. When the dual sovereignty doctrine is applied to the present case, the State's subsequent prosecution of Coulter after her acquittal in federal court did not violate her 5th Amendment protection against double jeopardy.

As regards § 10 of the Bill of Rights, our Supreme Court has stated in *State v. Freeman*, 236 Kan. 274, 280-81, 689 P.2d 885 (1984), that § 10 is very similar to the 5th Amendment and has further found that the 5th Amendment guarantees no greater

protection to an accused than § 10. "Both provide in effect that no person shall be twice placed in jeopardy for the same offense." 236 Kan. at 281. Kansas has long recognized the dual sovereignty doctrine, which makes the rule against double jeopardy inapplicable to prosecutions by separate sovereignties. See *Earwood v. State*, 198 Kan. 659, 426 P.2d 151 (1967). Therefore, Coulter's state prosecution for conspiracy did not violate § 10 of the Bill of Rights of the Kansas Constitution as it was instituted by a separate sovereignty.

As has been shown, the applicable constitutional provisions do not preclude separate prosecutions by federal and state governments for acts arising out of the same occurrence. Kansas does have a statute, however, that bars successive prosecutions by separate sovereignties in certain situations. K.S.A. 21-3108(3) provides:

"A prosecution is barred if the defendant was formerly prosecuted in a district court of the United States or in a court of general jurisdiction of a sister state or in the municipal court of any city of this state for a crime which is within the concurrent jurisdiction of this state, if such former prosecution:

(a) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the offense was not consummated when the former trial began; or

"(b) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the prosecution in this state."

This is only a statutory right and, therefore, *Menna*, which focused upon constitutional violations, does not act to prevent waiver of this right. See *Broce*, 488 U.S. at 576. By pleading nolo contendere in the state prosecution, Coulter waived her statutory protections under 21-3108(3) and is now prevented from raising a double jeopardy issue based upon that statute. See *Lowe v. State*, 14 Kan. App. 2d 119, 121-22, 783 P.2d 1313 (1989) (nolo contendere plea waived statute of limitations defense).

Affirmed.