NOT DESIGNATED FOR PUBLICATION

No. 117,004

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NEIL W. EVARTS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Harvey District Court; RICHARD B. WALKER, judge. Opinion filed June 8, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*David E. Yoder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM:  Neil W. Evarts appeals the summary dismissal of his motion pursuant to K.S.A. 60-1507 alleging ineffective assistance of counsel. Although Evarts had cases in Harvey and McPherson Counties at the same time, this is an appeal of only the Harvey County case, which was affected by the McPherson County case for sentencing purposes.

An investigation into a March 6, 1995 kidnapping and rape in Harvey County had been fruitless. On September 1, 1995, the McPherson police interviewed Evarts, a Hesston resident, about a local aggravated kidnapping and attempted rape case. The

1

Hesston police chief notified the Harvey County Sheriff's Office of the similarities between the two incidents. McPherson police arrested Evarts and on September 5, 1995, McPherson County charged him with aggravated kidnapping and attempted rape. Subsequently, Harvey County charged him with aggravated kidnapping and rape in Harvey County on September 22, 1995.

Trying to resolve the Harvey County charges first, Evarts posted bond in McPherson County and was transported to Harvey County. On December 26, 1995, Evarts entered into a plea agreement, agreeing to plead guilty to both counts in exchange for the State recommending concurrent sentences. However, the agreement was contingent on the State allowing him to be sentenced in Harvey County before McPherson County. Because the State could not guarantee sentencing in Harvey County first, Evarts rejected the agreement.

The State dismissed the charges in Harvey County without prejudice to allow for prosecution in McPherson County first. The State then refiled charges in Harvey County on February 8, 1996. Following the conclusion of the McPherson County case, Evarts was arrested on the Harvey County charges on February 12, 1996. The following facts pertain to the Harvey County case. References to the McPherson case were arguments made to influence the Harvey County sentence.

On May 3, 1996, Evarts entered into a plea agreement in which he agreed to plead guilty or no contest to both counts as charged. The State agreed to recommend his sentences fall within the appropriate grid boxes under the Kansas Sentencing Guidelines Act and that the sentences run concurrent with each other and concurrent with the McPherson County sentence. The agreement further stated that if Evarts requested either a dispositional or durational departure from the presumptive sentences, the State would no longer be bound to the recommendations in the agreement and could request an exceptional departure and for the sentences to run consecutively.

2

As a result of the plea agreement, Evarts pled no contest to aggravated kidnapping and guilty to rape. The State presented the probable cause affidavit to provide the factual basis for the charges. Although he contested some of the statements in the affidavit, Evarts stipulated that if the case went to trial, that evidence would have been presented. Regarding the contested statements, and after speaking with the State, defense counsel stated:

> "And I understand there's a series of cases, and I can't cite one right now, the Court may know the citations, that rape is the underlying element or can be the underlying element of aggravated kidnapping. Now, [Evart's] just pled no contest to aggravated kidnapping but guilty to rape, so I would think even without this reference, you know, the Court could still make a factual basis."

The district court agreed to use the affidavit for the purposes of the factual basis and not for sentencing. The court found that Evarts had made the pleas knowingly and intelligently, the factual basis was provided in the affidavit, and it accepted the pleas. The court found Evarts guilty of both counts.

Contrary to the plea agreement, Evarts submitted presentence motions requesting a dispositional departure to probation, contesting his criminal history score, and requesting a durational departure. He claimed the State had manipulated the system by dismissing the Harvey County complaint to allow McPherson County to try its charges first, therefore bolstering his criminal history score. The State replied with a motion for a durational departure on the sentence and postrelease supervision. The State contended that Evarts' conduct manifested excessive cruelty to the victim.

On August 7, 1996, the district court sentenced Evarts to 366 months of incarceration for aggravated kidnapping and 73 months for rape. The district court extended the period of postrelease supervision to 60 months because his crimes were

sexually motivated. The sentences were to be served consecutive to each other and consecutive to the sentence from McPherson County.

Evarts timely appealed. *State v. Evarts*, No. 77,526, 1998 WL 67787 (Kan. App.) (unpublished opinion). He contended the State had manipulated his criminal history score by trying the McPherson County case first. However, the Court of Appeals found that Evarts had attempted to manipulate the system by bonding out of McPherson County in an attempt to resolve the charges in Harvey County first. The court likened such manipulation to invited error. The Court of Appeals affirmed Evarts' convictions and sentences. No. 77,526, slip op. at 2.

On June 22, 2010, Evarts filed motions to correct an illegal sentence and to withdraw his plea. He contended that because his sentence was based on his convictions in McPherson County and his attempted rape conviction and sentence from McPherson County had been reversed and vacated, see *State v. Evarts*, No. 77,078, 1998 WL 311064 (Kan. App.) (unpublished opinion), his Harvey County sentence became illegal. McPherson County had already resentenced him to one count of kidnapping in 1999. He requested resentencing in the Harvey County case with a reduced criminal history score, from B to D.

Following the evidentiary hearing, the district court agreed that Evarts' sentence was illegal and resentenced him to the aggravated sentence of 167 months of incarceration with 60 months of postrelease supervision for aggravated kidnapping, giving Evarts a total sentence of incarceration of 240 months for the Harvey County case—including the prior 73-month sentence for rape. Because the motion was granted and he was resentenced, it is not an issue and we will only address the motion to withdraw his plea.

4

In his motion to withdraw his plea, Evarts claimed the State had violated double jeopardy and K.S.A. 21-3107 (Furse 1995) by charging him with rape and aggravated kidnapping because the rape was the only bodily harm suffered by the victim. He argues that defense counsel Donald Snapp's assistance was ineffective because he did not advise Evarts that the State could not charge him with both crimes. He claimed that if he had known the State could not charge him as such, he would not have accepted the plea. Therefore, because of defense counsel's ineffectiveness, he had entered the plea unknowingly.

On July 2, 2010, the district court sent a letter to the State and to Michael P. Whalen explaining that the motions warranted an evidentiary hearing and appointing Whalen to represent Evarts. On December 30, 2010, Whalen submitted a memorandum in support of the pro se motions Evarts filed. In support of the motion to withdraw the plea, Whalen cited *State v. Garcia*, 272 Kan. 140, 32 P.3d 188 (2001).

The district court heard arguments on January 26, 2011. Whalen argued that although *Garcia* was decided five years after Evarts' convictions, it was based on the test in *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988), which was used in 1996 to analyze whether multiplicity existed under K.S.A. 21-3107(2)(d) (Furse 1995). He asserted that the aggravated kidnapping and rape were multiplicitous because the underlying bodily harm required for the aggravated kidnapping charge was the rape, as it was the only bodily harm done to the victim. Whalen noted that Evarts never would have knowingly pled to an illegal plea agreement. The State countered by stating that, at the time of Evarts convictions, there were several cases applying the *Fike* test for multiplicity in which the courts did not find rape and aggravated kidnapping to be multiplicitous.

Snapp testified he did not believe the charges were multiplicitous because of the separation of time and location between the commission of the offenses. Snapp conceded he did not speak with Evarts about the possibility of the charges being multiplicitous

because, in his own analysis of law at that time, the charges were not. He further testified that Evarts was focused on a plea agreement in which the State would agree to concurrent sentences. Evarts did not want to put the victim through a trial and he thought that taking accountability for his actions was the right thing to do.

During closing arguments, Whalen agreed with the district court that manifest injustice was the correct standard of review. He further asserted that Evarts could not have been sentenced to both charges as they were; either the rape charge needed to be dismissed or the aggravated kidnapping had to be reduced to kidnapping. The district court noted the existence of cases in which pleading to a crime waives most objections to the charges or other procedural issues. Whalen maintained that an illegal sentence can be challenged at any time and he believed multiplicity could as well because a court lacks jurisdiction to impose a sentence when charges are multiplicitous. The State asserted that Evarts had failed to show any manifest injustice. It contended that multiplicity was not a conviction issue, but a sentencing issue. Therefore, withdrawing a plea would not be permissible even if the charges were multiplicitous. The State further addressed the fact that *Garcia* dealt with a 1998 amendment to K.S.A. 21-3107 and so was not applicable to Evarts' 1996 conviction. The State contended that in 1996, for offenses to be multiplicitous, one crime had to be necessarily proved to establish the other. The court took the issue under advisement.

On February 10, 2011, Whalen submitted a second memorandum in support of the motions. He asserted that Snapp had been ineffective as trial counsel because he misunderstood the charges and so could not have appropriately advised Evarts about the multiplicity issue. He claimed the separation of events did not matter because aggravated kidnapping required proof of intent to inflict and the actual infliction of bodily harm. Therefore, rape necessarily had to be proved for aggravated kidnapping to be proved. Whalen argued the only factual basis established for aggravated kidnapping was that the rape was the only bodily harm. Whalen further stated that after the hearing, he looked up

6

caselaw that supported the district court's contention that a defendant who enters a plea waives the ability to challenge multiplicity.

On October 11, 2011, the district court issued its decision denying Evarts' motion to withdraw his plea. The court considered Snapp's testimony that he did not believe a multiplicity argument would have prevailed, Evarts wanted to avoid trial, and Evarts' main concern was concurrent sentences. The court analyzed several cases from the 1980's and 1990's regarding multiplicity to determine that in 1995 the law of multiplicity was evolving. The court stated that *State v. Blackburn*, 251 Kan. 787, 840 P.2d 497 (1992), was the most recent multiplicity case preceding Evarts' charges. The *Blackburn* court noted that aggravated kidnapping and rape did not share the same elements, each required proof of fact not required in the other, and so rape was not a lesser included offense of aggravated kidnapping. 251 Kan. 787, Syl. ¶ 3. In *Blackburn*, the jury was instructed that the bodily harm required to prove aggravated kidnapping included, but was not limited to, rape. Because the jury was not *required* to find that the rape was the bodily harm inflicted as evidence of other bodily harm had been presented. Therefore, no multiplicity existed. 251 Kan. at 796.

The district court determined that Snapp could have used *Blackburn* as evidence that the charges were not multiplicitous. Further, in *State v. Edwards*, 281 Kan. 1334, 1341, 135 P.3d 1251 (2006), the Kansas Supreme Court held that if a defendant pleads guilty, he or she generally waives the right to later claim double jeopardy. A guilty plea waives nonjurisdictional defects, including double jeopardy and multiplicity. The court found that Snapp had competently represented Evarts and no manifest injustice existed.

Evarts appealed. After the appellate defenders office withdrew from the case, Whalen was appointed as appellate counsel. The Court of Appeals summarily affirmed. *State v. Evarts*, No. 107,730, 2013 WL 2919426, at *1 (Kan. App. 2013) (unpublished opinion). The *Evarts* court found that Snapp could have relied on precedent at the time of

Evarts' conviction that held that aggravated kidnapping and rape were not multiplicitous. 2013 WL 2919426, at *1. The court cited *State v. Schoonover*, 281 Kan. 453, 492-93, 133 P.3d 48 (2006), which noted that "doctrinal inconsistency and confusion that abound[ed] in multiplicity cases" resulted in a long line of divergent cases making it difficult to determine when the doctrine applied.

After Evarts first collateral challenge failed, he filed a motion for habeas corpus under K.S.A. 60-1507 on October 24, 2014. He raised four issues: (1) the trial court erred by denying his motion to withdraw his plea; (2) his convictions violated the Double Jeopardy Clauses of the United States and Kansas Constitutions; (3) his rape conviction was multiplicitous to his aggravated kidnapping conviction; and (4) both Snapp and Whalen provided ineffective assistance of counsel, violating his Sixth Amendment right to counsel. The district court found the first three issues were repeated arguments that Evarts had already made in his motion to withdraw his plea. The court had denied those issues previously raised and the Court of Appeals had affirmed. Regarding Everts' last issue, the court noted that it and the Court of Appeals had already found that Snapp had provided effective counsel. As far as Whalen's effectiveness, the court found that Whalen had vigorously pursued the issues. The court summarily dismissed Evarts' motion. Evarts appeals.

We must determine whether the district court erred by summarily dismissing Everts' motion.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

8

Evarts contends the district court erred in summarily dismissing his motion because Whalen's performance fell below constitutional standards of assistance of counsel. He argues that Whalen (1) failed to argue that the proper standard for his motion to withdraw his plea was "for good cause," as a presentence motion, not "manifest injustice," as a postsentence motion; and (2) failed to argue that *Blackburn* controlled the issue of multiplicity in his case.

*Ineffective Assistance of Counsel*

To prevail on ineffective assistance of counsel, Evarts must show that Whalen's performance was deficient under the totality of circumstances and he was prejudiced by Whalen's deficient performance. See *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Although Evarts' aim in this appeal is to challenge Whalen's performance, like his prior appeal, the basis for claiming ineffective assistance of counsel returns to the issue of multiplicity of charges. In denying Everts' motion to withdraw his plea, the district court cited to *Edwards*, 281 Kan. at 1338-39, and *In re Habeas Corpus Application of Coulter*, 18 Kan. App. 2d 795, 860 P.2d 51 (1993), in which Kansas courts have held that an individual who pleads guilty generally waives the right to claim double jeopardy. The district court concluded that Evarts' guilty plea waived nonjurisdictional defect including double jeopardy and multiplicity. Further, Whalen conceded in his supplementary briefing that caselaw established that a plea waives a multiplicity challenge. Though the argument here is for ineffective assistance of counsel, Evarts cannot establish prejudice because the foundation of his ineffectiveness argument is moot.

9

*Failure to Argue for Consideration as a Presentence Motion*

Evarts claims that because his motion to withdraw his plea was submitted before he was resentenced, it should have been considered a presentence motion. Under K.S.A. 2017 Supp. 22-3210(d)(1), the district court may permit a defendant to withdraw a guilty or no contest plea *before* sentencing with a showing of good cause. On the other hand, for a court to set aside judgment and permit withdrawal of a plea after sentencing, the defendant must establish manifest injustice. K.S.A. 2017 Supp. 22-3210(d)(2). Evarts was originally sentenced on August 7, 1996. He claims that because his motion was filed on June 22, 2010, before he was resentenced, it is a presentence motion.

However, Evarts merely asserts that because the district court vacated his prior sentence, his prior conviction was no longer a final judgment, and he could then raise any issues. However, he provides no legal precedent to support his conclusion. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). An issue not briefed is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Even if the district court had considered the motion under the reduced "good cause" standard, the court found the issues raised lacked merit and Snapp had competently represented Evarts, providing several cases to support Snapp's belief that the charges were not multiplicitous. Because none of his arguments prevailed on their own merits, they would fail under either standard. Whalen's performance cannot be considered deficient for failing to argue issues that have no legal basis. Whalen informed the court of the appropriate standard.

*Failure to Apply* Blackburn

Evarts further contends that Whalen was ineffective because he did not argue that the district court should have applied *Blackburn* in determining whether multiplicity existed. He asserts that if Whalen had used *Blackburn*, he would not have been convicted of aggravated kidnapping and rape because the court would have determined that the offenses were multiplicitous. He claims that if Whalen had argued *Blackburn*, the outcome would have been different and so he was prejudiced.

Whalen did not address *Blackburn*, but the district court did. The court distinguished Evarts' case from *Blackburn* and concluded that Snapp could have used *Blackburn* as evidence that the Court of Appeals would have found the charges were not multiplicitous because the Supreme Court had determined that rape is not a lesser included offense of aggravated kidnapping, stating: "Aggravated kidnapping and rape do not share the same elements. Each offense requires proof of a fact not required in proving the other." 251 Kan. 787, Syl. ¶3. This finding is in line with the later *Schoonover* decision adopting the same-elements test. Evarts has appealed the issue of multiplicity and this court found that Snapp was effective even though he never addressed multiplicity with Evarts because the law of multiplicity was evolving at that time. *Evarts*, 2013 WL 2919426, at *1. The Court of Appeals affirmed the district court's determination, stating:

> "Counsel could have reasonably relied on Kansas Supreme Court precedent at the time
> that held charges of aggravated kidnapping and rape were not multiplicitous. See *State v.
> Schoonover*, 281 Kan. 453, 492-93, 133 P.3d 48 (2006) (noting the 'doctrinal
> inconsistency and confusion that abound[ed] in multiplicity cases,' resulting in a long line
> of divergent cases making it difficult to determine when the doctrine applies)." 2013 WL
> 2919426, at *1.

11

The law of multiplicity was uncertain at the time of Everts' convictions. By the time he appealed multiplicity, the Kansas Supreme Court had resolved the confusion in *Schoonover*. The Court of Appeals was bound to the holdings in *Schoonover*, which adopted the same-elements test to determine multiplicity. 281 Kan. at 495. Even if Whalen had argued *Blackburn*, the analysis by the Court of Appeals would have remained the same.

Evarts has not shown he was prejudiced by Whalen's failure to apply *Blackburn*. Because the second prong of the test of ineffectiveness of counsel is not satisfied, we do not need to analyze the first prong.

Affirmed.